UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH FISHER,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND JURY TRIAL**

Plaintiff, JOSEPH FISHER, sues Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, ("NCL"), and states:

**Parties, Jurisdiction, and Venue**

1. Plaintiff was and is a resident of Pennsylvania.

2. Defendant was and is a for-profit corporation existing and operating under the laws of Bermuda, with its headquarters and principal place of business in Miami-Dade County, Florida.

3. The parties are completely diverse. More than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper in the Southern District of Florida pursuant to the forum-selection clause in the contract of passage provided by Defendant to Plaintiff. Also, venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendant engages in substantial and not isolated business in the district, maintains its

principal place of business in the district, and committed one or more of the acts or omissions giving rise to this action in the district.

5. Plaintiff has satisfied all conditions precedent, including the notice-of-claim requirement contained in his contract of passage for the subject cruise, for filing this action.

## General Allegations

6. Defendant is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and the world. Defendant derives substantial revenues from cruises originating and terminating in various ports throughout the United States.

7. At all times material, Defendant was the owner, operator, owner pro hac vice, or charterer of the *Spirit*.

8. On or about October 26, 2019, Defendant owned, operated, managed, maintained, supervised, chartered, or controlled the *Spirit*.

9. Defendant designed, constructed, or approved of the final design or construction of the entire vessel.

10. Prior to Plaintiff's incident, Defendant was aware or should have been aware of the frequent and persistent hazard created by the unmarked and unreasonably dark, hidden nature of the dangerously defective and non-compliant step located inside Champagne Charlie's bar on deck eight (8) of the *Spirit*.

*Fisher v. NCL*
*Complaint for Damages and Jury Trial*

11. Defendant was aware that the area around the subject step was too dark, not adequately lit, and presented a dangerously hidden hazard. The floor in the area was obscured by the lack of adequate and proper lighting, and comprised of carpeting of a color and pattern that created an optical illusion, making it appear as if the floor was entirely flat, when it actually contained sharp and imperceptible step down. The imperceptible change in the elevation of the walking surface was therefore concealed and the dangerously defective and non-compliant step down was not perceptible to the untrained eye. It presented a condition that was far more dangerous than would be expected on the floor of a cruise vessel. The hazard was not open and obvious.

12. Defendant had notice and knowledge of the dangerous defect as it failed to meet industry standards for cruise vessel walking surfaces.

13. Defendant had notice and knowledge of the dangerous defect as numerous other individuals had tripped, fallen, or otherwise had problems traversing the dangerously defective and non-compliant step.

14. On or about October 26, 2019, Plaintiff was a fare-paying passenger onboard the *Spirit* as part of a Mediterranean voyage that had commenced in Venice, Italy.

15. On or about October 26, 2019, Plaintiff was walking in a normal and proper manner through the bar area when he fell to the floor after unknowingly stepping off of the unmarked, dangerously defective, and non-compliant step in the dark and

*Fisher v. NCL*
*Complaint for Damages and Jury Trial*

inadequately lit area. Plaintiff sustained personal injuries as a direct and proximate result of the fall.

## **Count I - Negligence**

16.  Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

17.  At all times material, Defendant, through its employees, servants, agents, or representatives acting within the course and scope of their employment, owed a duty to its passengers, including Plaintiff, to exercise reasonable care under the circumstances for the safety and well-being of its passengers, including Plaintiff. Said duty creates an obligation on Defendant to maintain and operate the *Spirit* in a reasonable and safe manner, and to warn of dangerous conditions of which it has notice.

18.  Defendant breached its duties to Plaintiff in the following ways:

   a.  Failing to properly maintain and keep the step and flooring of the dining area in a reasonably safe condition;

   b.  Failing to comply with industry standards for the uninterrupted elevation of walking surfaces on cruise vessels;

   c.  Permitting a dangerously defective condition, a non-compliant change in elevation of a walking surface, to persist in a main corridor of the vessel where passengers and crew are expected to walk;

   d.  Failing to provide handrails or other assistive devices so that passengers could adequately perceive and safely traverse the defective step;

   e.  Failing to warn of the dangerously defective condition;

    f.    Failing to properly and timely mark the area with caution tape, a yellow border, or otherwise provide a visual indication of the hazardous condition;

    g.    Failing to use a skid free surface for the nose or tread of the subject step;

    h.    Permitting the subject area to persist in an unreasonably dark, unlit, and obscured fashion;

    i.    Failing to properly inspect and monitor the steps or the flooring to ensure it was well-lit and visible;

    j.    Failing to take action to eliminate the hazardous condition of the steps after learning of its existence;

    k.    Permitting a floor surface that created an optical illusion that the floor was completely flat when in fact it concealed a dangerous and hidden change in elevation;

    l.    Failing to select reasonably safe materials for its flooring on the subject steps and area;

    m.    Failing to properly staff or monitor the steps and allowing a prohibited amount of guests to be in the restaurant when it is darkly lit;

17. Defendant created, knew about, or should have known about the above-described conditions through the exercise of reasonable care.

18. The above conditions were neither open nor obvious to Plaintiff and, accordingly, Defendant owed Plaintiff the duty to warn of them or to correct them.

19. As a direct and proximate result of the aforementioned negligence of Defendant, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions,

*Fisher v. NCL*
*Complaint for Damages and Jury Trial*

inconvenience, scarring, loss of capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. All of these damages are permanent and continuing in nature.

WHEREFORE, Plaintiff requests that this Honorable Court award to him money damages, including interest; reasonable costs as allowed by law; and any other and further relief that this Court may deem just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 26th day of March, 2020.

Respectfully submitted,

By: /s/ Thomas Graham
Ira H. Leesfield(FBN 140270)
Thomas D. Graham (FBN 89043)
LEESFIELD SCOLARO, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
leesfield@leesfield.com
graham@leesfield.com
leon@leesfield.com
***ATTORNEYS FOR PLAINTIFF***